**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**Natural Resources Defense Council, Inc., Plaintiff,**

v.

**United States Department of Energy, Defendant.**

Civ.A. Nos. 01–0981(PLF), 01–2545(GK).

United States District Court, District of Columbia.

May 9, 2002.

Paul J. Orfanedes, Klayman & Associates, PC, Larry Elliott Klayman, Judicial Watch, Inc., Eric Robert Glitzenstein, Howard Mesnikoff Crystal, Meyer & Glitzenstein, Washington, DC, for plaintiffs.

Daniel Edward Bensing, U.S. Department of Justice, Federal Programs Branch, Anne L. Weismann, William Alvarado Rivera, U.S. Department of Justice, Civil Division, Washington, D.C., for defendants.

*MEMORANDUM OPINION AND ORDER*

FRIEDMAN, District Judge.

The government has filed a motion to consolidate Civil Action No. 01–0981, pending before the undersigned, with a separate case, Civil Action No. 01–2545, pending before Judge Gladys Kessler. The Natural Resources Defense Counsel ("NRDC") opposes consolidation, and Judicial Watch has taken no position on the motion. Upon consideration of the arguments of the parties, the Court grants the motion to consolidate.

Under Rule 42 of the Federal Rules of Civil Procedure, the Court has discretion to consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation. *See* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (2d ed.1995). Under Local Civil Rule 40.5(d), a motion to consolidate cases assigned to different judges of this Court shall be decided by the judge to whom the earlier-numbered case is assigned. The case before the undersigned has an earlier number than the case before Judge Kessler.

The case filed by Judicial Watch concerns FOIA requests made to the Department of Energy and several other departments and agencies regarding the Bush Administration's energy task force. Judge Kessler's case concerns the NRDC's essentially identical FOIA request to the Department of Energy only. Defendants represent that in response to the FOIA requests in each case, the Department of Energy likely will release identical documents to Judicial Watch and to the NRDC. Defendants argue that judicial economy therefore would be served by consolidating these cases because identical legal issues will be raised with respect to the records released, withheld and redacted by the Department of Energy. They also argue that neither plaintiff will be prejudiced by consolidation because the Department of Energy is required to release responsive documents or otherwise respond on the same dates in both cases. Furthermore, in the litigation before the undersigned, a briefing schedule has been established for dispositive motions relating to the Department of Energy's records, and the motions will be ripe on June 27, 2002.

The NRDC opposes the motion on the ground that consolidation might delay the ultimate resolution of its claim against the Department of Energy because the NRDC would be forced to litigate its claim along with Judicial Watch's FOIA requests to numerous other agencies. Because of the staggered briefing schedule established by the March 20, 2002 stipulation, the claims against the Department of Energy do not have to be resolved at the same time as the claims against the rest of the federal defendants sued by Judicial Watch. Although the briefing schedule with respect to claims against the Department of Energy is the same as the briefing schedule for the claims against the Environmental Protection Agency, this overlap does not mean that an adjudication of the NRDC's claims against the Department of Energy will be delayed, and it is not a sufficient reason to deny the motion to consolidate.

The NRDC also contends that consolidation is inappropriate because it has filed a motion for an order to show cause why the Department of Energy should not be held in contempt for failure to comply with an earlier order issued by Judge Kessler. From the representations made by defendants and the NRDC, however, it appears that the motion for a show cause order is relatively straightforward. In addition, judges of this Court frequently have to interpret orders of their colleagues, and by itself, this is not a reason to deny consolidation. Finally, the NRDC argues that it might pursue its suit in a different manner from Judicial Watch and that there therefore is no reason to assume that identical issues will be raised in the two cases. Although the plaintiffs in these cases very well may make different decisions in pursuit of their respective claims, the point for purposes of this motion is that the records released, withheld and redacted by the Department of Energy and the attendant legal issues most likely will be the same in both cases. Thus, in the interest of promoting judicial economy and preventing potentially inconsistent rulings, consolidation seems appropriate. Accordingly, it is hereby

ORDERED that defendants' motion to consolidate is GRANTED; and it is

FURTHER ORDERED that *Judicial Watch, Inc. v. Department of Energy, et al.,* Civil Action No. 01–0981 and *Natural Resources Defense Council v. Department of Energy,* Civil Action No. 01–2545 are CONSOLIDATED for all purposes.

SO ORDERED.